UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
Gogo Apparel, INC.,                   :   Case No.:  1:19-cv-5693
                                      :
          Plaintiff,                  :   PLAINTIFF'S COMPLAINT FOR:
                                      :
     -Against-                        :   1. COPYRIGHT INFRINGEMENT;
                                      :   2. UNFAIR COMPETITION
True Destiny, LLC; and DOES 1-10      :
                                      :
          Defendants.                 :
                                      :
------------------------------------- X

Plaintiff, Gogo Apparel, Inc. ("GOGO" or "Plaintiff"), for its Complaint against True Destiny, LLC. ("True Destiny" or "Defendant") and Does 1-10 (hereafter collectively "Defendants"), by its undersigned counsel, KAKAR, P.C.., hereby prays to this honorable Court for relief based on the following:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement against the Defendants under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for their unauthorized reproduction, manufacture, sale, distribution and/or advertising of apparel that infringes Plaintiff's original copyright design. Further, this action by Plaintiff is for unfair competition and tortious interference with business relations violations by True Destiny—based on information and belief—who is a competitor in the women's wholesale apparel market.

///

///

///

1

## **PARTIES**

2.      GOGO is a corporation organized and existing under the laws of the State of New York with its principal place of business in the County of New York, at 1410 Broadway, New York, NY 10018.

3.      Upon information and belief, True Destiny is an entity organized and existing under the laws of the State of New York, with its principle place of business at 1407 Broadway, Suite 1920, New York, NY 10018. Upon information and belief, True Destiny is in the business of designing, manufacturing, sourcing, assembling, importing, distributing, advertising and/or selling garments.

4.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights and other rights, have contributed to the infringement of Plaintiff's copyrights and other rights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

5.      Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**JURISDICTION**

6.     This Court has personal jurisdiction over the Defendant by virtue of their systematic and continuous transaction of business and commission of tortious acts within the State of New York pursuant to New York C.P.L.R. §§ 301 and 302.  Further, Defendant is a New York business entity with its principle place of business in the Southern District of New York.

7.     Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question, and 28 U.S.C. § 1338(a), giving this Court original and exclusive jurisdiction in a civil action arising under the copyright laws of the United States. This Court also has supplemental jurisdiction over all other claims pursuant 28 U.S.C. § 1367.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), in that this is the judicial district in which a substantial part of the acts, omissions, and injury to Plaintiff occurred, giving rise to the claims herein.

**FACTUAL BACKGROUND**

9.     Plaintiff is an apparel wholesaler/supplier engaged primarily in the apparel industry for the wholesale of marketable apparel products. Plaintiff creates, or purchases and obtains, exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments, and those textiles and garments are transacted primarily in the fashion industry in the United States (namely in New York city's famed garment center).

10.    By and through its efforts of acquisition and creation, Plaintiff owns several designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business fitness and competitiveness is underscored by its ownership of these designs; such that Plaintiff

spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs to incorporate into its apparel products.

11. Clients of Plaintiff and members of the apparel community, including possibly DOE retailer defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce Plaintiff's sampled designs should the sampling party wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, and/or use those designs in furtherance of their business in violation of both their implicit and explicit contractual agreement with Plaintiff and Plaintiff's copyrights.

12. GOGO is in the business of developing, procuring and selling garments to national and international retailers for profit.

13. GOGO owns an original two-dimensional textile artwork for the purpose of placing the said original artwork on garments. Plaintiff internally labeled the artwork as Spring Floral: F1102 (hereafter "F1102").

14. Plaintiff applied for and was granted copyright registration for F1102; for which it received Copyright Registration Certificate No. VA 2-120-379 (hereafter "Subject Design").

15. No other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.

16. Upon information and belief, Defendants have access to the Subject Design and/or F1102, including without limitations: (a) access through Plaintiff's showroom; (b) access through authorized and unauthorized copies (in digital and hardcopy format); (c) access through fit samples, sales samples, swatches, paper CADs and other samples from Plaintiff; (d) access through their customers and/or suppliers, and/or (e) access through product bearing the Subject Design rightfully and legally sold to retailers.

17. Upon information and belief, beginning after the issuance and registration date of the Copyright Registration underscoring Plaintiff's ownership in F1102, and continuing to date, True Destiny manufactured, acquired and/or sold, or caused to be manufactured and/or sold or offered for sale product containing a design that is identical or substantially similar to Plaintiff's copyrighted Subject Design, thereby infringing on Plaintiff's rights in the Subject Design.

18. Upon information and belief, beginning after the issuance and registration date of the Copyright Registration underscoring Plaintiff's ownership in F1102, and continuing to date, Defendants sold, offered for sale, advertised and/or distributed product containing a design that is identical or substantially similar to Plaintiff's copyrighted Subject Design without authority or license from Plaintiff, thereby infringing on Plaintiff's rights in the Subject Design.

19. Plaintiff discovered Defendant's infringement on or about March 2019, when a garment for sale bearing Plaintiff's Subject Design but was made, procured, distributed, solicited, and/or supplied by True Destiny was purchased at retail ("Accused Design" or "Accused Garment").

20. The Accused Garment bears Federal Trade Commission ("FTC") Registered Identification Number ("RN") 145947.

21. A true and correct copy of the Accused Design is set forth herein.

22. An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

[THIS SPACE IS INTENTIONALLY LEFT BLANK]

**SUBJECT DESIGN**          **ACCUSED DESIGN**



23. It is currently unknown as to specifically when True Destiny began developing, importing, manufacturing, advertising and/or selling the Accused Garment and/or other products infringing Plaintiff's copyrights, but these facts will be established in discovery.

24. Upon information and belief, Defendants, each of them individually and/or collectively, had knowledge that the art-work rendered on the Accused Garments was not owned by the Defendants and/or authorized for use by the Defendants, each of them individually and/or collectively.

25. Defendants' knowingly, willfully, and in bad faith, offered for wholesale and/or retail, advertised, manufactured, supplied, and/or distributed the Accused Product, for the purposes of profit, and thereby misappropriating to themselves the benefits of Plaintiff's investment, intellectual property, and work.

26. True Destiny, as a direct competitor of GOGO, misappropriated intellectual property it knew it did not own, namely GOGO's Subject Design, and in bad faith, solicited and sold for profit product bearing the Subject Design directly to customers GOGO sells the same or similar product to.

**COUNT I**
**(Copyright Infringement Against All Defendants and Each of Them)**

27. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 26 hereof as if fully set forth herein in their entirety.

28. Defendants had no authority or license from Plaintiff to reproduce, distribute and/or sell any goods, including the Accused Garment, containing the copyrighted Subject Design.

29. Upon information and belief, Defendants have profited from sales of the Accused Garment and, unless enjoined by this Court, will continue to wrongfully use, infringe upon and otherwise profit from Plaintiff's copyrighted Subject Design.

30. Due to Defendants' acts of copyright infringement, Plaintiff has suffered substantial damages and loss to its business and will continue to lose sales revenue from the projected sales of its own apparel rendering its own copyright registered art-work. The exact nature of Plaintiff's continued loses are to be established at trial.

31. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

32. Due to Defendants' acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in addition to Plaintiff's actual damages, as stated under 17 U.S.C. § 504(b), in an amount to be established at trial.

33. Upon information and belief, Defendants, and each of them, have continued to import, manufacture, cause to be manufactured, advertise and/or sell infringing product. Plaintiff is informed and believes, and thereon alleges that Defendants' acts of copyright infringement as alleged above, were and continue to be willful and intentional, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000). 17 U.S.C. § 504(c)(2).

34. Plaintiff has been damaged by Defendants bad acts, which, upon information and belief, have been deliberate and willful. Defendants' intentional and willful acts, as complained of herein, will continue to injure Plaintiff and its exclusive intellectual property rights in the Subject Design.

35. By reason of the foregoing, Plaintiff is entitled to its damages, including but not limited to Plaintiff's loss of profits, <u>and</u> Defendants' profits derived from its sales of the infringing garment, or alternatively prior to trial, statutory damages pursuant to 17 U.S.C. § 504(c) in an amount up to one hundred and fifty and thousand dollars ($150,000) for willful infringement, together with reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II
**<u>(Unfair Competition in Violation of New York Common Law)</u>**

36. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 35 hereof as if fully set forth herein in their entirety.

37. Defendants have knowingly, in bad faith, and wrongfully trafficked GOGO's exclusive intellectual property rights in the Subject Design, by unauthorized use of Gogo's duly registered and exclusive intellectual property for profit.

38. True Destiny, a direct competitor of GOGO, completely disregarded GOGO's intellectual property rights, misappropriated GOGO's copyrighted and exclusive art-work, and in bath faith,

directly solicited and profited from sales of the Accused Garment to at least one of GOGO's customers.

39. Defendants have willfully violated the common law of the State of New York, and GOGO has suffered, and will continue to suffer, damage to its business and intellectual property rights, and has lost substantial sales, reorders and profits.

40. Defendant's acts have caused and will continue to cause irreparable injury to GOGO, and as a direct and proximate result of the foregoing, GOGO has suffered damages, for which GOGO seeks remedy and damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment against Defendants and that the following relief be granted:

*Against All Defendants*

1. Declaring that Defendants have infringed upon Plaintiff's copyrights;

2. Preliminary and permanently enjoining Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, though, or under them, from manufacturing, copying, reproducing, distributing, advertising, promoting, offering for sale or selling any product or article (a) bearing any design identical and/or substantially similar to Plaintiff's copyrighted Subject Design, or (b) comprising or incorporating any protectable matter copied from and substantially similar to Plaintiff's copyrighted Subject Design;

3. Order the impoundment of the infringing goods in the Defendants' custody or control pursuant to the Copyright Act, 17 U.S.C. § 503;

4. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the aforementioned acts;

5. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, or in the alternative, if the Court deems fit, statutory damages as available under the Copyright Act, 17 U.S.C. § 101, et seq.;

6. That the Defendants be found to have willfully infringed upon the Plaintiffs copyrights, for which the Plaintiff be awarded statutory damages, as available under the Copyright Act, 17 U.S.C. § 504(c)(2);

7. That Plaintiff be awarded all profits of Defendants plus all damages of Plaintiff, plus any other monetary advantage gained by Defendants through their unfair competition and/or Tortious Interference with Business Relations, the exact sum to be proven at the time of trial, pursuant to federal, state and/or common law;

8. That Plaintiff be awarded its reasonable attorneys' fees as available by all applicable federal, state, and/or common laws;

9. That Plaintiff be awarded punitive damages;

10. That Plaintiff be awarded pre-judgment interest as allowed by the law;

11. That Plaintiff be awarded the cost of this action;

12. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial, on all issues so triable, pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

///

///

///

Dated: New York, New York
June 9, 2019

                                              Respectfully Submitted,

                                              Sumeer Kakar, Esq.
                                              **KAKAR, P.C.**
                                              525 Seventh Avenue, Suite 1810/1811
                                              New York, NY 10018
                                              P: 212-704-2014
                                              F: 646-513-3353
                                              sk@kakarlaw.net
                                              *Attorney for Plaintiff*
                                              *Gogo Apparel, Inc.*