```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 1 7 2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GOGO APPAREL, INC.,                          :
                                             :
                              Plaintiff,     :
                                             :
            -against-                        :
                                             :
TRUE DESTINY, LLC and DOES 1–10,             :
                                             :
                              Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

19 Civ. 5693 (GBD)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Gogo Apparel, Inc. brings this action against Defendants True Destiny, LLC and

Does 1–10 for copyright infringement, unfair competition, and tortious interference with business

relations. (*See* Compl., ECF No. 1, ¶ 1.) Plaintiff is an apparel wholesaler and supplier that owns

exclusive rights to several graphic artworks for use on textiles and garments, and sells products

bearing these designs for profit. (*Id.* ¶¶ 9–10.) Defendant True Destiny, LLC is a competitor in

the women's wholesale apparel market and Defendants Does 1–10 are unidentified affiliated

parties. (*Id.* ¶¶ 1, 4.) Plaintiff alleges that Defendants used one of its copyrighted designs without

authorization. (*Id.* ¶¶ 17–18.) That is, Defendants allegedly knowingly manufactured and sold

products containing a design that is identical or substantially similar to Plaintiff's design with

Copyright Registration Certificate No. VA 2-120-379. (*Id.* ¶¶ 14, 17–18, 24.)

      Defendant True Destiny, LLC ("True Destiny") moves to (1) disqualify counsel for

Plaintiff based on prior representation of True Destiny and (2) dismiss Count II of the complaint

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Notice of

Mot. to Disqualify Counsel, and to Dismiss Count II of the Compl. Pursuant to Fed. R. Civ. P.

12(b)(6), ECF No. 16.) True Destiny's motions to disqualify Plaintiff's counsel and dismiss Count II for failure to state a claim are GRANTED.

## I.   DEFENDANT'S MOTION TO DISQUALIFY COUNSEL IS GRANTED

The power of district courts to disqualify counsel is grounded in the need to "preserve the integrity of the adversary process." *Bd. of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). In considering disqualification motions, courts must balance "a client's right freely to choose his counsel" against "the need to maintain the highest standards of the profession." *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cit. 1978). Courts should be mindful of the fact that such motions are "often interposed for tactical reasons . . . [a]nd even when made in the best of faith, such motions inevitably cause delay." *Nyquist*, 590 F.2d at 1246. However, disqualification of counsel is appropriate where prior representation of the adverse party would tend to taint the trial. *See id.* Ultimately, disqualification is "committed to the sound discretion of the district court." *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994).

In cases of successive representation, an attorney may be disqualified from representing a client if:

> (1) the moving party is a former client of the adverse party's counsel;
> (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
> (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983). To satisfy the substantial relationship test, the moving party must demonstrate that the actions involve issues that are "identical" or "essentially the same." *Gov't of India,* 569 F.2d at 740. "It is the congruence of *factual* matters, rather than areas of law, that establishes a substantial relationship between representations for disqualification purposes." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d

2

381, 392 (S.D.N.Y. 2010) (quoting *U.S. Football League v. Nat'l Football League*, 605 F. Supp.

1448, 1460 n.26 (S.D.N.Y. 1985)).

As an initial matter, True Destiny does not move to disqualify Plaintiff's counsel based on

his or his law firm's prior representation of True Destiny.  Rather, True Destiny points to the fact

that a different attorney at Plaintiff's counsel's law firm—Kakar, P.C.—represented True Destiny

in several fabric design copyright actions when previously employed at True Destiny's counsel's

law firm—Feldman Law Group, P.C.  (Def. True Destiny, LLC's Mem. of Law in Supp. of Mot.

to Disqualify Counsel, and to Dismiss Count II of the Complaint Pursuant to Fed. R. Civ. P.

12(b)(6) ("MTD Mem."), ECF No. 19, at 2.)  The attorney in question—Kalpana Nagampalli—

has not filed an appearance in the instant action.[1]  Still, an "attorney's conflicts are ordinarily

imputed to [her] firm based on the presumption that 'associated' attorneys share client

confidences." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 133 (2d Cir.

2005).  This presumption may be rebutted where law firms have screening procedures or ethical

walls that effectively protect against any sharing of confidential information. *Id.* at 138.  Plaintiff's

counsel, however, does not describe any ongoing efforts or procedures to maintain separate files

or refrain from exchanging confidences with Nagampalli related to the instant action and her prior

representation of True Destiny.  Nagampalli simply alleges that she is not counsel of record and

was not "involved in the investigation, evaluation, client relation, or case development of the

instant matter." (Decl. of Kalpana Nagampalli, Esq. in Opp'n to Def.'s True Destiny, LLC's Mot.

to Disqualify Pl.'s Counsel ("Nagampalli Decl."), ECF No. 21, ¶ 2.)  Moreover, Kakar, P.C. is a

two-person law firm.  Even the strictest screening procedures are unlikely to effectively remove

---

[1] Nagampalli does represent Plaintiff in a similar action filed in this district against a different clothing manufacturer.  (Decl. of Jonathan J. Ross in Supp. of Def.'s Mot. to Disqualify Counsel, and to Dismiss Count II of the Compl. Pursuant to Fed. R. Civ. P. 12(b)(6), Ex. B, ECF No. 18-2.)

all risk of inadvertent disclosure and appearance of impropriety in such a small firm. *See Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*, 722 F. Supp. 2d 295, 307–08 (E.D.N.Y. 2010); *see also Energy Intelligence Grp., Inc. v. Cowen & Co.*, LLC, No. 14 CIV. 3789 (NRB), 2016 WL 3920355, at *6 (S.D.N.Y. July 15, 2016) (collecting cases). Accordingly, Plaintiff's counsel has not sufficiently rebutted the presumption of an imputed conflict.

Turning to the elements for disqualification, the parties do not dispute that Nagampalli was counsel to True Destiny on multiple fabric copyright infringement lawsuits during her employment at Feldman Law Group, P.C., which ended in 2017.[2] Plaintiff, however, argues that the second and third criteria under the *Evans* test have not been met. Specifically, Plaintiff contends there is no substantial relationship between the present case and the prior representations because the actions involve different copyrights and garments, and True Destiny identifies no proprietary or privileged information shared with Nagampalli in the prior actions. (Mem. of Law in Opp'n to Def. True Destiny, LLC's Mot. for Disqualification and Mot. to Dismiss Count II of the Compl. ("MTD Opp'n"), ECF No. 20, at 3.)

The present action and prior representations are substantially related. All involve claims of copyright infringement specifically related to Defendant's fabric designs. At a minimum, how True Destiny develops its fabric designs for use in women's apparel would have been a material factual issue in the previous actions. The same holds true in the current litigation, regardless of whether the copyright and specific garment at issue differ. True Destiny's process of developing graphic artwork for use on its women's clothing will be critical to determining whether it violated Plaintiff's copyright and adjudicating Plaintiff's claims. Moreover, the circumstances presented here are analogous to those in *Miroglio, S.P.A. v. Morgan Fabrics Corp.*, 340 F. Supp. 2d 510

---

[2] Plaintiff argues but Nagampalli did not file an appearance as counsel in the prior litigation, but does not deny that she worked on those matters. (*See* MTD Mem. at 2–3, 7; Nagampalli Decl. ¶¶ 6–13.)

4

(S.D.N.Y. 2004), where the court similarly found a substantial relationship between representations that involved copyrights for fabric design. In *Miroglio*, plaintiff's counsel represented the defendant in three fabric copyright actions, before representing the plaintiff in the fabric copyright suit at issue. *Miroglio*, 340 F. Supp. 2d at 513. The court found that "[i]n order to competently represent [the former client] on these issues, a reasonable attorney would be expected to acquire a minimum base of knowledge about how [the former client] goes about creating designs." *Id.* Based on this factual overlap, the court concluded that the representations were substantially related. Moreover, the court reached this conclusion while declining to make a finding as to whether the specific fabric design relevant to the contested representation was also the subject of a prior representation. *Id.*

When a substantial relationship exists between successive representations, the "movant is entitled to the benefit of an irrebuttable presumption that confidences were shared" and the third prong of *Evans* is satisfied. *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 240 (2d Cir. 2016). A court "should not require proof that an attorney actually had access to or received privileged information while representing the client in a prior case." *Gov't of India*, 569 F.2d at 740. Plaintiff attempts to improperly shift the burden to True Destiny to prove that such information was shared. (*See* MTD Opp'n at 6.) This Court need not "inquir[e] into whether confidential information was actually transmitted." *Prevezon*, 839 F.3d at 241 (citing *U.S. Football League*, 605 F. Supp. at 1461). In any event, True Destiny's submissions demonstrate that Nagampalli was likely privy to confidential information in the course of her prior representation of True Destiny, despite her assertions to the contrary. Submitted billing records from one invoice dated February 29, 2016 indicate that Nagampalli was involved in preparing discovery responses, document production, development of defense strategy, and general factual

development.  (*See* Decl. of Pirkash Mirchandani in Supp. of Def.'s Mot. to Disqualify Counsel, and to Dismiss Count II of the Compl. Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 17, at 8–10.)

True Destiny's motion to disqualify Plaintiff's counsel is granted.

## II.    DEFENDANT'S MOTION TO DISMISS COUNT II IS GRANTED

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at \*3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

Plaintiff's complaint consists of two counts.  In Count I, Plaintiff alleges copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*  In Count II, Plaintiff brings a state law claim for unfair competition.  True Destiny argues that Plaintiff does not state a valid claim

under Count II, because Plaintiff's unfair competition claim is preempted by the Copyright Act. (MTD Mem. at 6–8.)

The Copyright Act preempts state law claims when "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *see* 17 U.S.C. § 301(a). "The first prong of this test is called the subject matter requirement, and the second prong is called the general scope requirement." *Id.* The fabric design at issue in this action meets the subject matter requirement. Two-dimensional graphic artwork is indisputably protected under Section 102 of the Copyright Act. *See* 17 U.S.C. § 102(a)(5).

The general scope requirement is satisfied when "the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." *Briarpatch*, 373 F.3d at 305 (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir.1992)). If the state law claim requires an "extra element . . . instead of or in addition to the acts of reproduction, performance, distribution or display," the claim does not "lie within the general scope of copyright." *Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 893 (2d Cir. 2011) (quoting *Altai*, 982 F.2d at 716). Courts, however, take a "restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 306.

Plaintiff's unfair competition claim is simply a repackaged copyright claim. Under New York law, unfair competition requires the plaintiff to establish that the defendant "(1) 'misappropriated the plaintiff's labors, skills, expenditures, or good will'; and (2) 'displayed some

7

element of bad faith in doing so.'" *Apple Mortg. Corp. v. Barenblatt*, 162 F. Supp. 3d 270, 284 (S.D.N.Y. 2016) (quoting *Barbagallo v. Marcum LLP*, 820 F.Supp.2d 429, 446 (E.D.N.Y.2011)). Courts have routinely held that unfair competition claims based on copyrighted materials are preempted by the Copyright Act.   To avoid preemption, Plaintiff's allegations of unfair competition "must be something different from copying, or the fruits of copying, or the intent or bad faith that can be inferred from the act of copying; if the harm arises from the simple fact of copying, the claim falls within the Copyright Act and is preempted." *Eyal R.D. Corp. v. Jewelex New York Ltd.*, 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011) (citing *Altai*, 982 F.2d at 717 (collecting cases)).   Plaintiff cannot rely on the requirement to prove bad faith.   Awareness or intent "are not extra elements that make a state law claim qualitatively different." *Briarpatch*, 373 F.3d at 306 (citing *Nat'l Basketball Ass'n v. Motorola, Inc.,* 105 F.3d 841, 851 (2d Cir.1997); *Altai*, 982 F.2d at 717).

Plaintiff argues that unfair competition requires the extra element of "competition in the marketplace or similar actions designed for commercial benefit."  (MTD Opp'n at 8.)  Even if true, such a requirement does not transform Plaintiff's allegation into one qualitatively different from copyright infringement.   True Destiny's alleged use of Plaintiff's copyrighted property to compete with Plaintiff is the very essence of an infringement claim. *See Orange Cty. Choppers, Inc. v. Olaes Enterprises, Inc.*, 497 F. Supp. 2d 541, 556 (S.D.N.Y. 2007).   At its core, Plaintiff's claim is for what is known as "reverse passing off," where the producer misrepresents someone else's goods or services as his own. *Shepard v. European Pressphoto Agency*, 291 F. Supp. 3d 465, 476 (S.D.N.Y. 2017) (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)). "It is well-settled that a claim for reverse passing off predicated on the theory that defendant's

product replicates plaintiff's expressions contains no extra element and is therefore preempted." *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 608 (S.D.N.Y. 2007) (collecting cases).

Plaintiff also argues that its unfair competition claim includes an allegation of breach of contract or breach of fiduciary duty. (MTD Opp'n at 9–10.) However, Plaintiff does not adequately allege either of these in its complaint. Plaintiff claims that:

> Clients of Plaintiff and members of the apparel community, including possibly DOE retailer defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce Plaintiff's sampled designs should the sampling party wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, and/or use those designs in furtherance of their business in violation of both their implicit and explicit contractual agreement with Plaintiff and Plaintiff's copyrights.

(Compl. ¶ 11.) Plaintiff also claims that:

> Upon information and belief, Defendants have access to the [copyrighted design], including without limitations: (a) access through Plaintiff's showroom; access through authorized and unauthorized copies (in digital and hardcopy format); (c) access through fit samples, sales samples, swatches, paper CADs and other samples form Plaintiff; (d) access through their customers and/or suppliers, and/or (e) access through product bearing the [copyrighted design] rightfully and legally sold to retailers.

(Compl. ¶ 16.) Plaintiff alleges no facts even remotely suggesting a fiduciary relationship with True Destiny. Further, Plaintiff's allegations regarding any contractual relationship with True Destiny are plainly insufficient. Plaintiff claims that design samples taken from Plaintiff have "implicit and explicit" contractual obligations, but also contemplates the possibility that True Destiny accessed Plaintiff's copyrighted design through methods other than receipt of samples. Moreover, even if Plaintiff had adequately alleged breach of contract by True Destiny, the underlying conduct is still prohibited by the Copyright Act. True Destiny's alleged promise to not infringe on Plaintiff's copyright "is the same as its duty to comply with the copyright law, and is therefore preempted by it." *Shepard*, 291 F. Supp. 3d at 475.

## III. CONCLUSION

Defendant's motion to dismiss, (ECF No. 16), is GRANTED. Plaintiff's counsel and his law firm, Kakar, P.C., are disqualified and Count II of Plaintiff's complaint is hereby dismissed without leave to amend. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
       September 17, 2020

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge